THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LARRY A. JACKSON, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered April 16, 1973, convicting him of robbery in the first degree and petit larceny, upon a jury verdict, and imposing sentence. Judgment affirmed. No opinion. Latham, Benjamin and Munder, JJ., concur; Martuscello, Acting P. J., dissents and votes to reverse the judgment and to order a new trial, with the following memorandum, in which Christ, J., concurs: Defendant was indicted for attempted murder, robbery and several lesser crimes arising out of the armed holdup of a grocery store. He allegedly aided a boy identified as " Chino ", during the holdup. Prior to the trial, and at the request of defendant's counsel, the trial court granted the use of a chambers for a plea bargaining conference. At the conference, which was also attended by the detective in charge of the case, the prosecutor advised defendant that: (1) a plea would be considered if he would tell the authorities who had done the shooting and (2) anything he said during plea bargaining would not be used against him at a trial, if one were held. While the questioning of defendant progressed, during which time he refused to admit that he had been involved in the crime, the prosecutor left the chambers and returned with Gabe Frassetti, an acquaintance of defendant. Shortly thereafter, Frassetti left. The conference lasted for a few more minutes and all the participants returned to the courtroom. At this point, Frassetti asked the detective for permission to speak to defendant in order to develop information as to the identity of the other participant in the crime, who allegedly had used the gun in question. Frassetti's request was immediately forwarded to the prosecutor, who approved and also secured defense counsel's agreement. The latter did so without consulting defendant and apparently on the supposition that Frassetti wanted to speak to defendant as a friend. Frassetti and defendant conversed for a few minutes. and Frassetti left thereafter without divulging to anyone the substance of his conversation. The prosecutor then asked the trial court to accept a plea under *People* v. *Serrano* (15 N Y 2d 304, 310). After learning of the court's response, defense counsel stated he was not interested and the case proceeded to trial. Two days later, during a talk in the corridor of the courthouse, Frassetti was advised by the prosecutor that the case was a difficult one since there was no admission in it. Frassetti then revealed for the first time that, in his courtroom conversation with defendant, defendant admitted committing the crime. During the trial, defendant took the stand and denied any participation in the crime. On cross-examination he denied telling Frassetti that he had participated in the robbery. The defense then rested, but the People sought to recall Frassetti to bolster the fact that defendant had admitted his guilt to him. The Trial Justice allowed Frassetti to testify to the confession. Defendant was then recalled and testified that had told Frassetti that he did not rob the store. In our opinion, the trial court committed prejudicial error in this close case by allowing Frassetti's testimony regarding defendant's admission. The record indicates that Frassetti was present during the initial plea bargaining discussion in chambers, that there was a very short time from the initial discussion to the courtroom talk between Frassetti and defendant which had been secured with the prosecutor's approval and that the plea bargaining process had not been expressly terminated. Under these circumstances, both defendant and his attorney could have justifiably assumed that the immunity previously granted by the prosecutor continued in effect during Frassetti's conversation with defendant. It has been long established that a prosecutor must observe a promise to a defendant " that if he would talk, what he said should not be used against him " (*People* v. *Reilly* 224 N. Y. 90, 94–95; see, also, *People* v. *Rockower*, 296 N. Y. 369). Moreover,

Frassetti's avowed purpose in talking to defendant placed him in a position of furthering the prosecution's interest in the case. Under these circumstances, defendant should have received *Miranda* warnings prior to his conversation with Frassetti. In the absence thereof, his confession should not have been admitted into evidence.